UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

NICK IRIZARRY-ROSADO,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 14-1588 (JAF)

(Crim. No. 12-685-1)

**OPINION AND ORDER**

Petitioner Nick Irizarry-Rosado ("Irizarry-Rosado") comes before the court with a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 12-685-1. (Docket No. 1.) For the following reasons, we deny his petition.

**I.**

**Background**

On September 24, 2012, Irizarry-Rosado was indicted along with numerous codefendants. (Crim. No. 12-685-1, Docket No. 3.) On April 24, 2013, Irizarry-Rosado pleaded guilty to conspiracy to import a controlled substance and laundering of monetary instruments. (Crim. No. 12-685-1, Docket Nos. 196, 197, 328, 425.) On July 22, 2013, we sentenced Irizarry-Rosado to two-hundred ten (210) months imprisonment, as well as supervised release and a monetary assessment. (Crim. No. 12-685-1, Docket Nos. 327, 424, 328.) Irizarry-Rosado did not appeal. (*See* Crim. No. 12-685-1.) On July 31, 2014, Irizarry-Rosado filed the instant motion to vacate his sentence under 28 U.S.C. § 2255.

(Docket No. 1.) On October 14, 2014, the United States filed a response in opposition to his motion. (Docket No. 5.)

## II.

## **Jurisdiction**

Irizarry-Rosado is currently in federal custody, having been sentenced by this district court. To file a timely motion, Irizarry-Rosado had one year from the date his judgment became final. 28 U.S.C. § 2255(f). In the absence of an appeal, his judgment became final fourteen days after the entry of judgment. Fed. R. App. 4(b)(1)(A)(i). This allowed him until August 9, 2014, to file his motion, which he did.

## III.

## **Analysis**

Irizarry-Rosado does not provide any details for his claims. He states simply that he had "ineffective assistance of counsel," that "Petitioner never commited money laundering" (sic), and that "Petitioner has no leadership role, but his sentence was enhanced with it." (Docket No. 1.)

Because Irizarry-Rosado appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, Irizarry-Rosado's pro-se status does not excuse him from complying with procedural and substantive law. *See Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008). It is well-established that "issues that are adverted to in a perfunctory manner absent developed argumentation are waived." *United States v. Brown*, 669 F.3d 10, 16 n.5 (1st Cir. 2012). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the

argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (internal citations omitted).

Although Irizarry-Rosado's allegations are undeveloped and, therefore, deemed waived, the last two would also fail due to his own admissions. As part of his plea agreement, Irizarry-Rosado admitted certain facts. He admitted that he "transferred a Western Union money order for the amount of $1,200.00 USD from Puerto Rico to an individual in the Dominican Republic as partial payment for narcotics previously obtained," thereby admitting to money laundering. (Crim. No. 12-685-1, Docket No. 197 at 17.) He also admitted that "[d]uring the time of the conspiracy the defendant acted as a captain of a vessel in a drug smuggling venture in one or more occasions," thereby admitting to a leadership role. (Crim. No. 12-685-1, Docket No. 197 at 17.)

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). In this respect, we state that it has become common practice to collaterally challenge federal convictions in federal court by raising arguments of dubious merit. This practice is overburdening federal district courts to the point of having some of these criminal cases re-litigated on § 2255 grounds. We look at this matter with respect to the rights of litigants, but also must protect the integrity of the system against meritless allegations. *See Davis v. U.S.*, 417 U.S. 333, 346 (1974) (in a motion to vacate judgment under §2255, the claimed error of law must be a fundamental defect which inherently results in a complete miscarriage of justice); *see also Dirring v. U.S.*, 370 F.2d 862 (1st Cir. 1967) (§ 2255 is a remedy available when some basic

fundamental right is denied—not as vehicle for routine review for defendant who is dissatisfied with his sentence).

We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Irizarry-Rosado has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Irizarry-Rosado may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we hereby **DENY** Irizarry-Rosado's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Irizarry-Rosado is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of October, 2014.

                                                            S/José Antonio Fusté
                                                            JOSE ANTONIO FUSTE
                                                            U. S. DISTRICT JUDGE